FRANK ALBERS v. FRED J. RUSSELL, CIRCUIT JUDGE OF MUSKEGON COUNTY.

INJUNCTION—TO RESTRAIN THE COLLECTION OF TAXES—DISSOLUTION OF.

Relator applied for mandamus to compel the respondent to vacate and set aside an order dissolving a preliminary injunction issued by a circuit court com-

missioner of Muskegon county to restrain the collection or attempted collection by distress of any of the taxes for the year 1895 assessed and levied against relator or against his property in the city of North Muskegon. An order to show cause was granted, and on the hearing on petition and answer the application was denied.

*Arthur Jones*, for relator, contended:

1. That the answer of the respondent admits the truth of relator's petition except the allegation that relator sought to attack only city and school taxes, as to which allegation it says "that the bill of complaint does not show that only such taxes are attacked;" that as the bill was filed October 30, 1895, it is apparent that it does not attack State and county taxes, which were not then levied; that by the charter of the city of North Muskegon as it existed when said taxes were levied (Act No. 215, Local Acts of 1891) State and county taxes were levied upon an entirely different roll from the city and school taxes, and at a different time, the collection of the latter commencing in August and of the former in December.

2. That respondent's attorneys in their brief confine their argument to the only issue in the case, namely, does section 114 of the general tax law of 1893, which provides that "no injunction shall issue to stay proceedings for the assessment or collection of taxes under this act," apply to this case; that the bill was not filed to enjoin the *assessment* of any taxes, but to enjoin the *collection* of certain taxes; that the real question is does it attack taxes provided for by said general tax law; that in the defendant city no taxes are collected under the general tax law except the State and county taxes; that as the bill is not directed to those it is apparent that its purpose is not to stay proceedings to collect taxes "under this act;" that if this conclusion is wrong it is because relator is in error in asserting that the city and school taxes of the city of North Muskegon are not collected under the general tax law.

3. That the general tax law absolutely governs cities so far as the State and county taxes are concerned; that for that purpose a city is a township; that townships obtain the power to collect township and school taxes from the general tax law of the State, and levy and collect the same at the same time they levy and collect State and county taxes; that without this law they could not collect said taxes, no more than their proportion of the State and county taxes; that it is entirely different with the defendant city, which is organized under a special charter, which concerns no other corporation but itself; that no general law has been passed governing its municipal relations with its own people in the matter of taxation; that it obtains its powers in the matter of raising moneys to defray municipal expenses from its charter, and by it its powers in that regard are limited and defined.

That said city is organized into a school district under Act No. 337, Local Acts of 1891, entitled "An act to incorporate the public schools of the city of North Muskegon;" that from that act alone the district obtains its power to maintain schools and to raise money for that use; that the charter of the city provides that in the month of June the moneys ordered to be raised by the common council for city uses and by the school board for district uses shall be certified to the city assessor, and then be by him in July spread upon a tax roll, and with a warrant annexed be delivered in August to the city treasurer for collection; that this whole proceeding is unknown to the general tax law of the State.

That chapter 8 of the charter is entitled "Assessment and collection of taxes;" that it provides special methods of assessing and collecting taxes in the defendant city, and does not apply to any other city; that there are two tax rolls instead of one, as required by the general tax law, one for city and school taxes levied under the charter and another for state and county taxes levied under the general law; that the former is made in July and delivered to the collecting officer the first of August; that the latter is made at the same time provided for the levy of taxes in townships, and is so delivered the first Monday of December; that no provision appears in the general tax law for an August roll, and no authority exists for collecting taxes in that month.

4. That the bill in the case of *Eddy v. Township of Lee*, 73 Mich. 123, 129, cited by counsel for respondent, was filed in February against a township to enjoin the collection of all State, county, township, and school taxes, and decides nothing more than that the Legislature has the constitutional authority, where it has provided a plain, complete remedy at law to recover back taxes illegally assessed and collected, to take away the remedy by injunction to restrain their collection.

That the drain law of 1885 (3 How. Stat. § 1740 *b* 6) provides that "all drain taxes assessed under its provisions shall be collected in the same manner as State

and other general taxes are collected," yet the same law (3 How. Stat. § 1740 *g 1*) provides that the collection of no, tax ·levied or ordered to be levied for the payment of the location or construction of any drain laid out under said law shall be perpetually enjoined in consequence of any technical error; thus by fair implication recognizing the remedy by injunction where the defects are not technical, and yet section 107 of the general tax law of 1885 provided that no injunction should issue to stay proceedings for the assessment or collection of taxes under said law; that drain taxes are collected under the general tax law; that the power to assess and collect them is derived from the drain law, and the general tax law does no more than to define the particular method by which that power shall be executed; that the Legislature itself recognizes that the prohibition of the remedy by injunction does not apply to drain taxes; that this Court in *Tucker v. Drain Commissioner*, 50 Mich. 5, expressed a decided approval of the remedy in equity, and refused the remedy by *certiorari*, giving as its reason that the former remedy is the safest and best in every respect; that there is just as much reason for urging that the enjoining of drain taxes is prohibited by the general tax law as for urging that the enjoining of the city and school taxes assessed in the city of North Muskegon are so prohibited.

That in *Taylor v Township of Avon*, 73 Mich. 604, a tax-payer paid drain taxes under protest, and then sought to recover them back, acting under section 42 of the general tax law; that this Court in deciding that he could not recover held that the provisions of the general tax law for the payment of taxes under protest do not apply to any taxes except those assessed under the act; that drain taxes do not come within the letter and spirit of said act, but the mode of procedure to assess and collect the same are provided for in the drain law itself.

That the case of *Clee v. Sanders*, 74 Mich. 692, was a proceeding in equity to restrain the collection of a village tax, and this Court sustained the proceedings and allowed, the injunction to stand, yet there was the same provision in the general tax law as to injunctive relief that there is now; that village taxes are not assessed or collected under the general tax law, and so do not come within the provisions prohibiting injunctive relief no more than do city and school taxes, the authority to collect which is derived from another local act where the process by which the collection is made is also clearly and fully defined.

*Chamberlain & Cross*, for respondent, contended:

1. That whether or not the application of the relator should be granted must depend largely upon whether or not section 114 of Act No. 206, Laws of 1893, cited in relator's brief, applies to taxes assessed in the city of North Muskegon, which at the time the taxes complained of were assessed existed under Act No. 215, Local Acts of 1891.

That from the title of Act No. 206, Laws of 1893, it is obvious that it was intended to apply to the assessment and collection of *all* taxes, whether levied within townships or within the limits of an incorporated city; that the provisions in the body of the act are framed throughout with reference to their application to cities as well as townships; citing sections 10, 18, 23, 39, 40—42, 45—48; that the foregoing and numerous other sections show conclusively that the provisions of the act apply to cities as well as townships, and it would seem that section 114 ought to be decisive of the question involved in this matter.

2. That the charter of said city in no manner conflicts with said general tax law, but on the contrary is framed to conform thereto so far as matters of taxation are concerned; that section 1 of chapter 8 provides that "the assessor of said city shall, in all respects, except as otherwise provided in the act, conform to the provisions of law governing the acts of supervisors in the several townships of this State in the assessment of property and the levying of taxes;" that section 10 of chapter 8 provides that "the levy of such taxes shall be in accordance with the provisions of law governing the levying of such taxes in townships, except as herein otherwise provided," while in the closing paragraph of section 12, chapter 8, it is provided that "the treasurer shall have such other powers and perform such other duties. not herein particularly enumerated as are conferred upon township treasurers by the general tax law of this State."

1. That relator has an adequate remedy at law; that the rule laid down in *Eddy v. Township of Lee*, 73 Mich. 123, should govern in this matter; that in any event the discretion of the respondent in dissolving the injunction should not be disturbed.

The facts as established by the petition and answer were:

1. That on October 30, 1895, relator filed a bill in the circuit court for the

county of Muskegon, in chancery, against the city of North Muskegon and its treasurer, in which he alleged:

*a*—The municipal and representative character of the defendants respectively.

*b*—That the defendant city had undertaken to levy certain taxes in the year 1895 against relator, and against his lands and personal property, describing two parcels of land, giving the total amount of tax levied upon each, and averring that the defendant city claimed á lien upon said several parcels of land to the amount of the tax assessed against each; also stating the total amount of personal property tax, and that the defendant city claimed a lien upon the personal property of relator to secure and enforce the payment of the amount of said tax, and that all of said taxes were a valid charge and debt against relator.

*c*—That each and every of said taxes were illegal and void for reasons set forth in the bill.

*d*—That the taxes aforesaid had been spread upon a pretended tax roll by the assessor of said city, and levied against relator and his property, and appear to be a charge against both; that the assessor had affixed to said pretended roll his warrant in due form, commanding the defendant treasurer to collect said taxes by distress and sale of relator's property; that said roll was then in the hands of said officer, who claimed that he had the right and that it was his duty to collect said taxes from relator as commanded in said warrant.

*e*—That the defendant city was and for more than a year had been unable to meet its obligations, and that by reason of the depreciated condition of the taxable property in said city and the small value thereof, and its great indebtedness said city was insolvent.

2. That on October 30, 1895, upon the order of a circuit court commissioner of the county of Muskegon, and upon the filing of a bond in a penalty of $500, an injunction was issued requiring the defendants to desist and refrain from collecting or attempting to collect by dis-

tress any of the taxes for the year 1895 assessed and levied against the relator or his property until the further order of the court.

3. That the defendants' answer admitted the averments of the bill as to the levy of the taxes, and denied the allegations of the bill as to their illegality, etc.

4. That the respondent, in answer to the statement in relator's petition that he had no other specific legal remedy, and could not have adequate relief without the aid of a writ of *mandamus*, gave it as his opinion that relator could have adequate legal relief by paying the taxes in controversy under protest, and suing to recover back the amount so paid, and further suggested as a conclusive reason why the writ asked for should not issue that the circuit court commissioner had no authority to grant the injunction because such action was prohibited by section 114 of the general tax law of 1893.